IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDI L. BASINGER, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-1613
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Brandi L. Basinger ("Basinger") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the ALJ's decision denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI"). She alleges a disability beginning on December 6, 2013. (R. 15).[1] Following a hearing before an ALJ, during which time both Basinger and a vocational expert ("VE") testified, the ALJ denied her claim.

Specifically, the ALJ determined that Basinger had not engaged in substantial gainful activity since the alleged onset date. (R. 17) The ALJ also concluded that Basinger suffered from numerous severe impairments. (R. 17-18)[2] Basinger's

---

[1] The ALJ determined that Basinger met the insured status requirements for the Social Security Act through September 30, 2016. (R. 17)
[2] The ALJ found that Basinger had the following severe impairments: obesity, osteoarthritis and avascular necrosis of the left knee; avascular necrosis affecting the right distal femur and history of right meniscus tear, status post two surgeries; and asthma. (R. 17-18)

1

impairments, or any combination thereof, did not meet or equal any listed impairment. (R. 19) Concluding that Basinger was capable of performing sedentary to light work subject to certain restrictions, the ALJ determined that she had no past relevant jobs but was able to perform jobs that exist in significant numbers in the national economy. (R. 19-24)

Basinger has appealed the denial of her claim. Pending are Cross Motions for Summary Judgment. See ECF Docket Nos. (13) and (15). For the reasons set forth below, the ALJ's decision is affirmed.

## **Legal Analysis**

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606

F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to

3

return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>Dr. Ari Pressman</u>

Dr. Pressman served as Basinger's treating orthopedic specialist. Following continued difficulty with her knees, Basinger was referred for a functional capacity evaluation at Laurel Highlands Health Center. Thomas Buches, the physical therapist, evaluated Basinger and concluded in part that she "may be a candidate for sedentary work that does not have her bearing weight on her knees excessively or work at counter level or above with opportunities to rest as knee pain dictates." (R. 553) Pressman, in turn, reviewed Buches's evaluation and wrote to Basinger's attorney in connection with a Workers' Compensation case. He opined:

> I have now had the opportunity to review the Functional Capacity Evaluation that I requested. This was performed by Laurel Highlands Health Center on May 27, 2016. On the basis of this Functional Capacity Evaluation I agree with you that Brandi Basinger would be unable to perform in the capacities required as a nurse's aide. You have not yet provided me with the formal work requirements for that position, but on the basis of my understanding of that position I would tend to agree with your thoughts.

(R. 557)

The ALJ gave Pressman's opinion "little weight" because "the ability to perform a specific job is outside the physician's area of expertise." (R. 23) The ALJ found Pressman's assessment to lack probative value "because he has not offered any

4

specific functional limitations, but rather has offered an opinion that the claimant cannot perform past relevant work, a finding exclusively reserved to the Commissioner." (R. 23) Basinger takes issue with the weight the ALJ gave Pressman's opinion. According to Basinger, "Dr. Pressman has clearly adopted the findings of the Functional Capacity Evaluation in rendering his opinions as to the Claimant's employability." *See* ECF Docket No. 14, p. 8. Basinger urges that, if the ALJ had evaluated Pressman's opinion properly, his RFC hypothetical would have been different and he would have rendered a finding of "Disabled."

Basinger's objections are unconvincing. The ALJ did, in fact, give "substantial weight" to the physical therapist's functional capacity evaluation upon which Pressman's opinion is based. (R. 22) The ALJ noted that, "[i]t appears from the assessment that, subsequent to surgery and physical therapy, the claimant retains the ability to lift weights, but she could not perform a full range of light work activities because she would be unable to stand and walk the majority of the day as would be required in a light residual functional capacity." (R. 22) The ALJ interpreted the evaluation to mean that Basinger's "ability to stand and walk is more akin to a sedentary residual functional capacity, and she would require the opportunity to change between sitting and standing at regular intervals." (R. 22)

As such, the ALJ did, in fact, give substantial weight to the functional capacity evaluation and the limitations stated therein. The ALJ also gave weight to the opinion of the consultative examiner who opined that Basinger could complete an eight-hour workday if given the option of alternating between sitting, standing, and walking. (R. 21,

5

395) Basinger has not identified any error in this capacity. Consequently, I find no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDI L. BASINGER, )
    Plaintiff, )
  )
  -vs- ) Civil Action No. 17-1613
  )
NANCY A. BERRYHILL, )
ACTING COMMISIONER OF SOCIAL )
SECURITY, )
  )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of December, 2019, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 13) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                                BY THE COURT:

                                /s/ Donetta W. Ambrose
                                Donetta W. Ambrose
                                United States Senior District Judge